UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



| | | |
|---|---|---|
| In re: | ) | Case No. 15-16860 |
| | ) | |
| VLADO ZOVKIC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge Pat E. Morgenstern-Clarren |
| | ) | |
| ——————————————— | ) | |
| | ) | |
| NATIONAL CREDIT UNION | ) | Adversary Proceeding No. 16-1031 |
| ADMINISTRATION BOARD, ACTING | ) | |
| IN ITS CAPACITY AS LIQUIDATING | ) | |
| AGENT FOR ST. PAUL CROATIAN | ) | |
| FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| VLADO ZOVKIC, | ) | |
| | ) | |
| Defendant. | ) | |

The issue presented is whether the Court should grant a joint motion to vacate the final

judgment entered in this case, which vacatur is a condition of the settlement agreement they

entered into on appeal.[1]

## FACTS

The plaintiff National Credit Union Administration Board, acting in its capacity as

liquidating agent for the failed St. Paul Croation Federal Credit Union, filed an adversary

proceeding complaint against the debtor Vlado Zovkic seeking a judgment in excess of $4.6

---

[1] Docket 133, 136.

million and a finding that the alleged debt could not be discharged because the debtor had

engaged in fraudulent conduct within the meaning of Bankruptcy Code § 523(a)(2).

Following a two day trial, this Court entered judgment in favor of the debtor. *Nat'l*

*Credit Union Administration Board v. Zovkic (In re Zovkic)*, – B.R. –, 2016 WL 8309019

(Bankr. N.D. Ohio 2016). Among other matters, the opinion addresses an issue that has not been

widely discussed in the case law: whether, under the *D'Oench Duhme* doctrine,[2] the Board

satisfied the reliance element of § 523(a)(2) as a matter of law. The Court found, both in

response to a pretrial motion[3] and at trial, that the doctrine does not excuse the Board from

having to prove that it relied on misrepresentations made by the debtor. The opinion also

addresses and clarifies an issue under Ohio principal-agent law; specifically, the interaction

between the law imputing an agent's knowledge (here, the credit union's chief operating officer)

to the principal (here, the Board), the "adverse or rogue interest" exception to that law, and the

"sole actor" exception to the exception.

The Board appealed to the District Court, which already had before it as a trial court a

lawsuit regarding a different dispute between the same parties.[4] In that forum, the parties

discussed settlement of the bankruptcy appeal as well as the pending District Court lawsuit,

eventually reaching a global settlement. As a condition of that settlement, the parties agreed to

ask this Court to vacate its opinion and judgment and further agreed that without that vacatur the

---

[2] *See D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp.*, 315 U.S. 447 (1942) and 12 U.S.C. § 1787(p)(2). Stated simply, under this doctrine the Board is protected from claims and defenses based on unwritten agreements that reduce a credit union's assets.

[3] *See* Order partially granting motion in limine at docket 99.

[4] *See Nat'l Credit Union Administration Board v. Zovkic, et al.,* Case No. 1:13-cv-01148 (N.D. Ohio).

appeal and the District Court litigation would go forward.  The District Court then dismissed the

appeal and the parties filed this motion.

## JURISDICTION

The District Court did not formally remand the case to this Court for a ruling on the

motion.  Nevertheless the settlement agreement contemplated such a filing and ruling without

further District Court action.  The Court finds, therefore, that it has jurisdiction over the motion

to vacate.[5]

## DISCUSSION

The parties base their motion on Federal Rule of Civil Procedure 60(b)(6).[6]  This rule

allows a Court to relieve a party from a final judgment for "any other reason (other than those

listed in Rule 60(b)(1)-(5)) that justifies relief."  FED. R. CIV. P. 60(b)(6) (made applicable by

FED. R. BANKR. P. 9024).  Relief under that rule,

> is available "only in exceptional or extraordinary circumstances
> which are not addressed by the first five numbered clauses of the
> Rule" and "only as a means to achieve substantial justice."  *Olle v.
> Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990) (internal
> quotation marks and citation omitted).  The rule contemplates
> situations where "something more . . . is present" than those
> situations contemplated by the other clauses in the rule.  *Id.*
> (internal quotation marks and citation omitted).  "The 'something
> more,'. . . must include unusual and extreme situations where
> principles of equity mandate relief."  *Id.* (emphasis in the original).

*Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015).

---

[5]  The Court finds moot the request to reopen the adversary proceeding because the main
case is still open.  Bankruptcy Code § 350 only requires reopening when the main case is closed.
*See* 11 U.S.C. § 350(b) (providing that a "case may be reopened . . . to accord relief to the
debtor, or for other cause.").

[6]  Although there is a passing citation in the brief to Rule 60(b)(5), the argument is
addressed to Rule 60(b)(6).  That is, therefore, the section that the Court will consider.

3

The United States Supreme Court has provided guidance on whether a settlement can constitute the kind of circumstance needed for equity to support vacatur. In *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), the Court considered whether a federal appellate court should vacate the judgment of a lower court in a case that settled after an appeal was filed. The decision addressed the application of 28 U.S.C. § 2106 which permits the Supreme Court and courts of appeal to vacate decisions, a statute that does not apply here. The Supreme Court analysis is, nevertheless, instructive regarding a Rule 60(b)(6) motion for vacatur of judgment particularly because there is no Sixth Circuit Court of Appeals decision directly on point. For lower court decisions, see, for example, *Papenfus v. Flagstar Bankcorp, Inc.*, 2008 WL 243759 at *2 (E.D. Mich. 2008); and *Meis-Nachtrab v. Griffin (In re Meis-Nachtrab)*, 200 B.R. 170, 171 (Bankr. N.D. Ohio 1996).

Under the *Bonner* analysis, "mootness by reason of settlement does not justify vacatur of a judgment under review" absent exceptional circumstances. *U.S. Bancorp. Mortgage Co.*, 513 U.S. at 29. And the mere fact that the settlement agreement provides for vacatur is not an exceptional circumstance. *Id.* The Supreme Court's analysis focused on two policy considerations: (1) the value of conserving judicial precedent; and (2) the effect on settlement incentives. *Id.* at 26-28. The Court noted that, "'Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.'" *Id.* at 26-27 (quoting *Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Phillips Corp.*, 510 U.S. 27, 40 (1993)). The Court noted that granting vacatur may cause litigants "to roll the dice" rather than settle in the trial court. *Id.* at 28.

4

Here, the parties are asking this Court to vacate a published opinion which addresses one issue on which there is little case authority and another that clarifies state law in the bankruptcy context. Moreover, the litigants seem to fall squarely within the category of having rolled the dice in lieu of a settlement before trial. These facts weigh against vacating the opinion and judgment as that relief will erase the Court's decision– depriving future litigants of its guidance–and also may act as a disincentive to other parties to settle matters before using limited judicial resources. Were those the only facts, this Court would deny the motion as not falling within any exceptional circumstances. The critical factor here, though, is that the vacatur is being requested as part of a global settlement that will allow the parties to resolve the contentious District Court litigation before trial. Given the unusual bundling of the appeal with that litigation, the Court finds that vacatur is appropriate under the circumstances.

## CONCLUSION

The motion to vacate is granted for the reasons stated.

IT IS SO ORDERED.

_____
Pat E. Morgenstern-Clarren
United States Bankruptcy Judge

5